**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

FILED
AUG 12 2008
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

LOUIS CARL JEMISON, III,

Petitioner,

v. Civil Action No. 3:08CV462-HEH

PATRICIA R. STANSBERRY,

Respondent.

**MEMORANDUM OPINION**
**(Dismissing Petition for Lack of Jurisdiction)**

Petitioner is currently serving 240 months of imprisonment for drug and weapons offenses imposed by the United States District Court for the Northern District of Ohio ("the Sentencing Court"). Petitioner submitted a petition for a writ of habeas corpus under 28 U.S.C. § 2241 wherein he challenges his conviction and the sentence imposed by the Sentencing Court.

A motion pursuant to 28 U.S.C. § 2255 provides the primary means of collaterally attacking a federal conviction and sentence and must be filed with the sentencing court. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (quoting *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990)); *In re Vial,* 115 F.3d 1192, 1194 (4th Cir. 1997). A federal inmate may not proceed under 28 U.S.C. § 2241 unless he or she demonstrates that the remedy afforded by 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his or her detention. *See Swain v. Pressley*, 430 U.S. 372, 381 (1977); *In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000) (setting forth limited circumstances wherein a federal inmate could bring a § 2241 petition challenging his conviction and sentence); *In re Vial*, 115 F.3d at 1194. Petitioner has not demonstrated that the remedy afforded by 28 U.S.C. § 2255 is inadequate or ineffective

to challenge his current detention.[1] Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, the Court must summarily dismiss a § 2255 motion if it is clear from the § 2255 motion that the petitioner is not entitled to relief.[2] Accordingly, the petition for a writ of habeas corpus is construed as a motion brought under 28 U.S.C. § 2255 and will be DISMISSED for lack of jurisdiction pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings. The action will be dismissed without prejudice to allow Petitioner to file the appropriate motion in the Sentencing Court.

An appropriate Order shall accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: Aug 12, 2008
Richmond, VA

[1] Indeed, Petitioner previously filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in this Court, challenging the same conviction and sentence by the Sentencing Court that he challenges in this action. *See* Application for Habeas Corpus Under 28 U.S.C. § 2241, *Jemison v. U.S. Marshalls*, No. 3:07cv00403-HEH (E.D. Va. filed July 5, 2007). By Memorandum Order entered February 20, 2008, this Court dismissed that 28 U.S.C. § 2241 petition for lack of jurisdiction based on the same reasons cited in this Memorandum Opinion. *See* Memorandum Order, *Jemison v. U.S. Marshalls*, No. 3:07cv00403-HEH (E.D. Va. Feb. 20, 2008). The United States Court of Appeals for the Fourth Circuit affirmed that dismissal on July 25, 2008. *See Jemison v. U.S. Marshals*, No. 08-6655, 2008 WL 2872276, at *1 (4th Cir. July 25, 2008) (per curiam).

[2] Rule 4(b) provides that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the [petitioner] is not entitled to relief, the judge must dismiss the motion. . . ." Rules Governing § 2255 Proceedings.